IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS WARNS,
    *Plaintiff*,

v.

LORNA SIMMS, *et al.*,
    *Defendants*.

Civil Action No. ELH-19-919

**MEMORANDUM**

Francis Warns, the self-represented plaintiff, filed a defamation action against defendants Morris Ricks and Lorna Simms in the District Court of Maryland for Baltimore County, seeking $5,000 in damages to redress allegedly false statements made by Ricks to the police on November 13, 2018. ECF 3 (the "Complaint"). Ricks is an employee of the Department of Veterans Affairs (the "Department"). ECF 2 at 1. Simms is a former employee of the Department. ECF 8 at 1.

The United States removed the case to this Court on behalf of Ricks, pursuant to 28 U.S.C. § 1441 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671. ECF 1. It also filed a motion to substitute itself as defendant in lieu of Ricks. ECF 2.

The United States has also moved to dismiss, based on lack of jurisdiction and insufficient service of process. ECF 9 (the "Motion"). In the Motion, the government argues that dismissal is warranted based on sovereign immunity; plaintiff's failure to exhaust administrative remedies; and the United States was not properly served. *See id.* at 2. On April 2, 2019, plaintiff was notified of his right to respond, and of the prospect of dismissal of his suit if he failed to do so. ECF 10. Plaintiff has not responded to the Motion, and the time to do so has expired.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I. Factual and Procedural Background

Plaintiff filed suit in State court on March 1, 2019. ECF 3. The allegations in the Complaint arise out of an interaction between plaintiff and Ricks on November 13, 2018. *Id.* at 3. Plaintiff claims he went to the VA Hospital in Baltimore on that date to see Ricks, "a patient advocate." *Id.* According to plaintiff, Ricks "yelled" at him "to sit down." *Id.* Plaintiff recounts that Ricks then took plaintiff back to his office and told him "to sit in a chair in the lobby." *Id.* Instead, plaintiff "went to the 6th floor where the director is and found out [Ricks] called the VA police and put a red alert out on [plaintiff]." *Id.* Although "their [sic] was no police report," he alleges that Ricks "utter[ed] false statements to the police" about plaintiff. *Id.* The Complaint contains no allegations concerning Simms.

The United States timely removed the case to federal court on March 28, 2019. ECF 1. It also submitted a certification that Ricks "was acting within the scope of his employment as an employee of the United States at all times relevant to the allegations contained in Plaintiff's complaint." ECF 1-2. Therefore, it moved to substitute itself for Ricks. ECF 2. It said, *id.* at 1:

> (1) the plaintiff in this action seeks judgment for allegedly tortious acts committed by United States Department of Veterans Affairs ("VA") employee Morris Ricks; (2) at the times of the alleged acts giving rise to this suit, Mr. Ricks was acting within the scope of his employment for the United States of America, which has been verified by the Acting United States Attorney for the District of Maryland, who has executed a Certification, a copy of which is attached as Exhibit 2 to the Notice of Removal (ECF No. 1-2); and (3) 28 U.S.C. § 2679(b) makes exclusive the remedy against the United States, as provided by 28 U.S.C. § 1346(b).

In the Motion, the government asks the Court to dismiss plaintiff's suit "pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5)." ECF 9 at 1. A Rule 12/56 letter, advising plaintiff of the Motion and his right to file a response, as well as the fact that the Court could dismiss his

claim if he failed to respond, was mailed to plaintiff on April 2, 2019. ECF 10. As noted, he did not respond. There is no indication on the docket that Simms was ever served with the suit.

## II. Legal Standard[1]

A challenge to a federal court's subject matter jurisdiction is reviewed pursuant to Fed. R. Civ. P. 12(b)(1). A motion under Rule 12(b)(1) raises the issue of "whether the court has the competence or authority to hear and decide the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005); *see generally Ford Bend Co. v. Davis*, ___ U.S. ___, 139 S. Ct. 1843, 1848 (2019) (explaining the term "jurisdiction"). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

A test of subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quotation marks and citation omitted); *accord Durden*, 736 F.3d at 300.

Here, the United States makes a facial challenge. In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192*; see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

---

[1] Because I will grant the government's Motion under Rule 12(b)(1), I need not address its arguments under Rule 12(b)(5).

3

### III. Discussion

### A. Defendant Ricks

Plaintiff alleges that Ricks made "false statements to the police" about plaintiff. ECF 3 at 3. The government argues that "the United States enjoys sovereign immunity" as to a claim for defamation. ECF 9 at 2. In addition, the government asserts that plaintiff failed to exhaust his administrative remedies before filing suit. *Id.* And, it seeks dismissal because plaintiff failed to properly serve the United States pursuant to Fed. R. Civ. P. Rule 4(i). *Id.* at 3.

Under the FTCA, the federal government has waived its sovereign immunity for the negligent or wrongful acts or omissions of its employees acting in the scope of their federal employment. *See* 28 U.S.C. §§ 2671–2680. However, the United States and its agencies may not be sued in tort except as permitted by the FTCA. *See* 28 U.S.C. § 2679(b)(1); *see, e.g.*, *Salazar v. Ballesteros*, 17 F. Appx. 129, 130 (4th Cir. 2001) (explaining that the FTCA "immunizes federal employees who are sued for actions within the scope of [their] office or employment" and upon substitution of the United States as defendant, "allows the United States to be sued for certain torts committed by its employees"). And, as to claims that are "cognizable" under the FTCA, the FTCA is the "exclusive" remedy against the United States or its agencies or employees. *Id.* § 2679(a).

Under 28 U.S.C. § 1346(b)(1) the FTCA's waiver of sovereign immunity operates, subject to certain exceptions, as to claims

> for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Section 1346(b)(1) of 28 U.S.C. grants subject matter jurisdiction over such claims to the district courts; *see also id.* § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). Although plaintiff's Complaint does not expressly articulate a particular legal cause of action, the allegations can be construed as a claim for defamation.

Tort claims under the FTCA are evaluated "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the acts or omissions alleged by plaintiff took place in Maryland, the Court must apply Maryland's substantive tort law. *See Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2012) (stating that, under the FTCA, "the substantive law of each state establishes the cause of action").

Under Maryland law, "'[a] defamatory statement is one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person.'" *Norman v. Borison*, 418 Md. 630, 645 n.10, 17 A.3d 697, 705 n.10 (2011) (citation omitted). The tort of defamation consists of four elements: "'(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm.'" *Id.* (citations omitted).

One of the limitations of the waiver of sovereign immunity under the FTCA is that the government retains its immunity from suit for certain types of claims, which are enumerated in 28 U.S.C. § 2680. Of particular relevance here, the FTCA preserves the government's immunity from claims of "libel" or "slander," 28 U.S.C. § 2680(h), which constitute, respectively, the written and oral varieties of the tort of defamation. *See, e.g.*, *Gen'l Motors Corp. v. Parker*, 27 Md. App. 95, 113, 340 A.2d 767 (1975), aff'd in part, rev'd in part on other grounds sub nom. *Gen'l Motors*

5

*Corp. v. Piskor*, 277 Md. 165, 352 A.2d 810 (1976). Thus, to the extent that the allegations in the Complaint can be construed to state a defamation claim, the claim against the United States is "barred by the FTCA's preservation of sovereign immunity against defamation actions." *Shirvinski v. United States Coast Guard*, 673 F.3d 308, 316 (4th Cir. 2012) (citing 28 U.S.C. § 2680(h)). Therefore, the Court lacks subject matter jurisdiction over a defamation claim against the United States.

Even if plaintiff's claim is construed as a tort other than defamation, plaintiff's suit would be barred by the FTCA's jurisdictional notice requirement. The FTCA's limited waiver of sovereign immunity for damages against government tortfeasors is subject to the condition that an administrative claim must first be submitted to the appropriate agency before suit can be filed. *See* 28 U.S.C. § 2675(a). Further, the FTCA provides that a tort claim against the United States "shall be forever barred" unless (1) the claim is presented to the "appropriate Federal agency within two years after such claim accrues," and (2) the claim is brought to federal court "within six months" after the agency acts on the claim. *See* 28 U.S.C. § 2401(b).

Thus, there are two requirements within § 2401(b): the claim must be presented to the "appropriate Federal agency" and plaintiff must satisfy the time frame in which that presentment must take place. That the claim must be presented to the appropriate agency is "jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *accord Drew v. United States*, 217 F.3d 193, 196 (4th Cir. 2000) ("Where . . . a claim is not first presented to the appropriate agency, the district court must, pursuant to Fed. R. Civ. P. 12(b)(1), dismiss the action for want of subject matter jurisdiction."). The limitations period is not jurisdictional, however. *See Raplee v. United States*, 842 F.3d 328, 335 (4th Cir. 2016) (noting that "the FTCA's limitations period is not a jurisdictional rule but a claims-processing one.") (citing *United States*

*v. Kwai Fun Wong*, ___ U.S. ___, 135 S. Ct. 1625, 1638 (2015)); *cf. Fort Bend County, Texas v. Davis*, ___ U.S. ___139 S. Ct. 1843, 1852 (2019) (concluding that a claims processing rule under Title VII is not jurisdictional).

"Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court sua sponte, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010). Compliance with the FTCA's notice requirement is a "key jurisdictional prerequisite to filing suit under the FTCA," and it "'may not be waived.'" *Kokotis v. USPS*, 223 F.3d 275, 278 (4th Cir. 2000) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)); *see also Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).

Plaintiff has not alleged that he filed a tort claim with the VA or exhausted any administrative remedies. Therefore, his suit is barred by the FTCA's jurisdictional notice requirement.

### B. Defendant Simms

The United States has not substituted itself as a party for Simms, noting that she retired from the VA in January 2019. However, the Complaint contains no allegations concerning Simms, and there is no indication on the docket that she was ever served within the time required by Rule 4(m). Although Simms is named in the suit (ECF 3), the Complaint itself contains allegations that only concern Ricks. *Id.*

Pleadings are required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts must construe pro se pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[T]he requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court." *Mills v. Greenville County*, 586 F.

7

Supp. 2d 480, 487 (D.S.C. 2008) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)). "'Even when a plaintiff has paid the full filing fee, the district court retains discretion to dismiss the claims sua sponte.'" *El-Bey v. North Carolina*, No. 1:13-cv-285, 2014 WL 691580, at *2 (M.D.N.C. Feb. 21, 2014) (citation omitted).

As to Simms, the Complaint does not comply with Rule 8(a). Accordingly, I shall dismiss the Complaint as to Simms.

### IV. Conclusion

For the aforementioned reasons, the United States's Motion to Dismiss is granted. The suit shall be dismissed.

A separate Order follows.

Date: October 30, 2019

/s/
Ellen L. Hollander
United States District Judge